F. DESPLATE *v*. N. ST. MARTIN, et als.

Where a debtor waives an appraisement, when called upon by the sheriff, of a sale of his property on *fi. fa.*, and purchases part of the property himself, he cannot complain of the irregularity of the proceedings.

APPEAL from the District Court of the Parish of St. Charles, *Burthe,* J. S. F. *Glenn* and W. W. *Handlin* for plaintiff and appellant.—The petition shows the nature of the action : a suit to annul a sale made by a sheriff without due appraisement or advertisement, and for damages caused thereby.

We contend that the sale was invalid for the want of due appraisement, the formality of which is sacramental, and which cannot be waived by either party, and notice of which must be given in writing. C. P. 671. Says this honorable court in the case of *Louis* v. *Gordy,* 5 An. 570: "The rule that the formalities are to be strictly observed, is rather for the benefit of the debtor and purchaser than the creditor." Again, in the case of *Esnault* v. *Cooley,* tutor, 16 An. 165, Chief Justice Merrick held that the waiver of the advertisement deprives a sale by the sheriff of its character as a formal sale. Where the law is sacramental the maxim of *volenti non fit injuria* does not apply. His waiver of appraisement did not dispense with the responsibilities of the sheriff. A stipulation that a sale

DESPLATE       should be made without appraisement ought not to be enforced.    15 An.
$v.$
ST. MARTIN et al. 243.    Damages are recoverable by Article 2295 of the Civil Code, and the
decisions made under it.    "A sheriff is liable in damages if defendant in
execution lose by the property being sold in an illegal manner."    *Crocker*
v. *Watkins,* 4 Martin, 540.

*H. F. Deblieux for defendants.*—The plaintiff relies for recovery on the
omission of the appraisement of the property seized; and, in argument,
it is contended that there was no notice of seizure.    As to this last point,
the sheriff's returns, as well as the sheriff's deed, dispose of the question,
for they say that notice was given, and all formalities complied with.

As to the first ground, true it is shown that no appraisement was made;
but, at the same time, the evidence shows why it was not made, and that
the defendant in execution dispensed with it.

The testimony of a witness unimpeached and uncontradicted, whose
testimony was unopposed, and to which the judge below has thought he
must give entire evidence, shows that when Desplate was notified to
appoint an appraiser he declined, not contumaciously, but for the reason,
he alleged, that the property was mortgaged for enough to insure its sale
at a sufficient price.    When called upon to signify his waiver in writing,
he said there were persons enough around to bear witness to it.

HOWELL, J.    Plaintiff sues to annul a sale of his personal and real pro-
perty, made by the sheriff of the parish of St. Charles, under two writs
of *fi. fa.*, issued upon judgments against him in the District Court of said
Parish.    He complains that his property was "illegally seized and sold
without appraisement, and without complying with any of the requisites
of the law."

The sheriff's return on the two writs, and deed of sale of the real estate,
are in the usual form, reciting the seizure, notice, advertising and ob-
servance of the legal requisites.    It appears, however, from the testimony
of the witnesses, that there was no appraisement of the property made;
but it appears also that the defendant was present, and when called on
by the sheriff to appoint an appraiser, he declined to do so, on the
ground that the landed property was mortgaged for more than two-thirds
of its value, and an appraisement was unnecessary.    He also become the
purchaser of the horse sold at the time.    He thus waived the appraise-
ment and ratified the sale, and cannot now be heard to complain for the
causes urged by him.    He has not shown that the property was sacrificed
or sold for less than its true value.

Judgment affirmed, with costs,